a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MORRIS DEMOND SCHOFIELD,          CIVIL ACTION NO. 1:17-CV-1164-P
Plaintiff

VERSUS                            JUDGE DEE D. DRELL

KEITH DEVILLE, ET AL.,            MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Morris Demond Schofield ("Schofield") (#579832).  Schofield has been granted leave to proceed *in forma pauperis*. (Doc. 7).  Schofield is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana.  Schofield names as defendants Warden Keith Deville and Officer A. Cross.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.    Background

Schofield alleges that, during the intake process at WCC, he was shown an informational video about the Prison Rape Elimination Act ("PREA").  Schofield claims that, during the video, Officer Cross showed Schofield his tongue ring, asked Schofield about his sexuality, and asked where Schofield lived.  Schofield filed an

administrative grievance, which was denied.  Schofield seeks a transfer to another facility.

According to the first step response to Schofield's grievance, an investigation was conducted after Schofield filed an administrative complaint.  (Doc. 1-1, p. 1). Officer Cross reported that he escorted Schofield and three other inmates to the programs building to watch a PREA informational video.  Officer Cross stated the offenders began to laugh and joke about the video.  Officer Cross made a comment that he would fight for his life if someone tried to force him to engage in oral sex. (Doc. 1-1, p. 1).  One offender asked Officer Cross where he lived, and another asked if  Officer Cross was married.  Officer Cross escorted the inmates back to their housing unit after the video.  (Doc. 1-1, p. 1).   The claim was classified as "unsubstantiated," and the investigation was closed.  Schofield was advised that he could appeal to the warden within five days of receiving the response.  (Doc. 1-1, p. 1).

II.   <u>Law and Analysis</u>

A.   <u>Schofield's claim is subject to screening under §§ 1915(e)(2) and 1915A</u>.

Schofield is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Schofield's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Schofield's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B.     Schofield cannot state a constitutional claim.

Schofield complains that Officer Cross asked about Schofield's sexuality and showed Schofield his tongue ring.  To the extent that Schofield claims he received sexual advances or threats from Officer Cross, his claim fails.  Verbal "threats," without more, do not support a claimed constitutional violation. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

The PREA was enacted in an effort to reduce the occurrence of rapes in prisons by developing and implementing national standards and "increas[ing] the accountability of prison officials who fail to detect, prevent, reduce, and punish prison rape." 42 U.S.C. §§ 15602, 15605.  However, the PREA does not create a private cause of action or a federal right enforceable in a § 1983 action.  See Krieg v. Steele, 599

3

Fed. Appx. 231, 232-33 (5th Cir. 2015).  Thus, Schofield cannot state a claim under the PREA.

To the extent that Schofield alleges a constitutional violation based on the denial of his grievance, his claim fails.  An inmate has no constitutional right to a grievance procedure and no liberty interest in having a grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374–75 (5th Cir. 2005).

Finally, Schofield seeks a transfer to another facility.  A prisoner has no constitutional right to be housed in a particular facility, or to be transferred or not transferred from one facility to another.  See Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983); Davis v. Valdez, No. 3:15-CV-3952, 2016 WL 749899 (N.D. Tex. Jan. 4, 2016), report and recommendation adopted, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).  Additionally, La. R. S. 15:824 authorizes the Director of Corrections to decide to which penal institution an inmate should be delivered or transferred.  The Director of Corrections has broad discretion regarding the placement and transfer of state prisoners.  See Santos v. La. Dept. of Corr. Secretary, 1996 WL 89260 at *4 (E.D. La. Feb. 28, 1996) (noting that La. R.S. 15:824(A) and (B) do not give DOC prisoners a constitutionally protected right to be housed in a particular facility).  Schofield therefore has no viable claim for transfer to another facility.

III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Schofield's complaint be DENIED and DISMISSED with prejudice pursuant to §§ 1915(e)(2) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  28th day of November, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge